### GARRITY v. BARTOLOMEO et al.
### LAUBE INTERSTATE CORPORATION v. SAME.
#### No. 318.

Circuit Court of Appeals, Second Circuit.
May 25, 1945.

Arthur N. Seiff and E. Edan Spencer, both of New York City, for appellants.

Desmond T. Barry, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiff, Garrity, in his amended complaint demanded judgment against James Bartolomeo, Nicholas Minchenko and Laube Interstate Corporation for injuries, suffered by being run down by a tractor and "trailer" driven by Minchenko. Bartolomeo owned the tractor: Laube Interstate Corporation, the "trailer." The case came on for trial and was settled by a stipulation under which judgment for $10,000 was entered in favor of Garrity against all three defendants. Thereupon, Laube Interstate Corporation moved—in accordance with a cross-complaint in its answer—for judgment "over against" Bartolomeo and Minchenko for $10,000. This motion which the judge granted was made upon a stipulated statement of facts, the important part of which is quoted in the margin.* Bartolomeo and Minchenko now argue that, Garrity's claim having been settled by stipulation and without verdict, the facts then conceded may not be taken as established as between them and Laube Interstate Corporation; and that the agreed statement, upon which their controversy was to be decided, did not concede the negligence of Minchenko, the driver, or Garrity's freedom from contributory negligence. Hence they say that there is no evidence of those facts, and that without them the claim of the Laube Interstate Corporation has nothing to stand on.

This argument is so utterly without foundation as to reflect little credit upon those who make it. The Laube Interstate Corporation alleged in its cross-complaint that Garrity's complaint had alleged that the "accident was caused and brought about through the carelessness and negligence of the defendants"; and that, if the "injuries were caused by any negligence other than the contributory negligence of the plaintiff, said injuries * * * will have resulted from the negligent and careless operation of the automobile tractor * * * operated by said defendants' agent and employee," Minchenko. This allegation Bartolomeo denied, so that when the agreed statement between the defendants declared that "no issue is raised as to the negligence of the operator of the tractor and trailer," the allegations of the cross-complaint stood undenied. Since confessedly Garrity had recovered against the Laube Interstate Corporation, it followed that the injuries were caused by Minchenko's negligence, unless they were caused by Garrity's own negligence. As to that, Garrity had alleged in the eleventh article of his amended complaint that he was free from contributory negligence and the Laube Interstate Corporation had denied it. That part of the agreed statement of facts which declared that "no issue is raised * * * as to freedom from contributory negligence of

---

* "On September 15, 1943, the plaintiff * * * was struck by a tractor and trailer operated by the defendant, Nicholas Minchenko. No issue is raised as to the negligence of the operator of the tractor and trailer nor as to freedom from contributory negligence of the plaintiff. * * When in transit, the two vehicles are joined together, the trailer being attached to the tractor, the combination being one unit on the road with a common braking system operated by the driver of the tractor. The tractor which was driving the trailer was owned by the defendant, James Bartolomeo. The trailer was owned by the defendant, Laube Interstate Corp. Nicholas Minchenko, the defendant operator of this tractor and trailer was employed by the defendant, James Bartolomeo, and had been so employed for about two years before the accident."

the plaintiff," could only have referred to the issue so raised, for there was no other "issue" to which it could refer, though, it is true, that "issue" was as to an allegation in the amended complaint.

Upon the argument the appellants expressly withdrew all questions except that raised in the first point of their brief; consequently we confine our decision to that alone, and we are to be understood as not ruling upon § 59(a) of the New York Vehicle and Traffic Law.

Judgment affirmed.